ALBERT VANDERWERKEN, APPELLANT, v. WILLIAM K. BROWN, RESPONDENT.

*Costs — on appeal from a judgment of a Justice's Court — Code of Civil Procedure, sec. 3070 — to what cases it applies.*

The plaintiff, having been defeated in an action brought by him in a Justice s Court to recover damages for the killing of his dog, appealed to the County Court and demanded a new trial, and upon such new trial he recovered a verdict of three dollars.

*Held,* that he was entitled to recover costs. (BOCKES, J., dissenting.)

*Quirk* v. *Wixon* (27 Hun, 592), and *Snyder* v. *Hughes* (Id., 374), followed.

Section 3070 of the Code of Civil Procedure, regulating the right to recover costs on appeals from judgments of Justice's Courts, does not apply to cases such as this where a party who has been wholly defeated in a Justice's Court succeeds in the County Court.

APPEAL from an order of the County Court of Schoharie county, denying a motion for a retaxation of the costs allowed by the clerk in this action.

*J. H. Clute*, for the appellant.

*A. B. Coons*, for the respondent.

LEARNED, P. J.:

The plaintiff sued in Justices' Court for killing his dog and was beaten. He appealed to the County Court demanding a new trial and recovered three dollars. The clerk taxed costs in plaintiff's favor. The County Court refused to set aside the taxation, and the defendant appeals. The question is upon the part of section 3070 of the Code in these words: "If an offer is not made and the verdict, report or decision upon the appeal is more favorable to the appellant by the sum of ten dollars than the verdict or decision of the court below " * * * "the appellant is entitled to recover costs upon the appeal, otherwise the respondent is entitled to recover costs." Does the clause fairly apply to a case where in the County Court there is not simply a reduction, or an increase, of the recovery below, but where the recovery is for the party who was defeated below ?

In *Quirk* v. *Wixon* (27 Hun, 592) the plaintiff recovered eight dollars in Justices' Court. The defendant appealed, and on a new trial in County Court the plaintiff was beaten. It was held that defendant was entitled to costs. The same was decided in *Snyder* v. *Hughes* (27 Hun, 374), in a similar case.

We are referred to no other cases on this point. These should control us. They are like the present case, except that in the cases cited there was a recovery for the plaintiff below and a failure to recover above. Here it is the reverse. But the principle is the same. And we think the decisions are sound. A party who recovers one sum in the court below and a somewhat larger sum above has only increased his damages. And if he has not increased them by ten dollars, he may properly be required to pay costs.

But one who was beaten in the court below, and then recovers in the court above has established that he was right in bringing the action, and that the defendant was in the wrong. The words

" more favorable to the appellant " imply that the decision in the court below had been *somewhat* favorable to him; not that such decision was against him altogether.

It may be very reasonable to require a party to be contented with damages which are insufficient by not more than ten dollars. But it is not reasonable to require him to be satisfied with entire defeat, when he has a good cause of action.

Again, suppose the plaintiff's whole claim is four dollars and he is unjustly defeated in the court below, can he not appeal without the certainty of having to pay the costs in any event?

We think that the order appealed from should be affirmed, with ten dollars costs and printing disbursements.

LANDON, J., concurred; BOCKES, J., dissented.

Order affirmed, with ten dollars costs and printing disbursements.